UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KIRK LINDSAY WILSON,                          No. 12-11995

                          Debtor(s).
_____/

KIRK LINDSAY WILSON,

                          Plaintiff(s),

           v.                                            A.P. No. 14-1106

UNITED STATES OF AMERICA,

                          Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

     Chapter 7 debtor Kirk Wilson obtained an extension of his time to file his 2008 tax return until October 15, 2009, but failed to file the return until 2011. Wilson filed his bankruptcy petition on July 24, 2012. The Chapter 7 trustee recovered significant assets and was able to pay Wilson's 2008 income taxes in full, but not the penalties. The issue in this adversary proceeding is whether the penalties associated with the 2008 income taxes have been discharged. Wilson has moved for

1

summary judgment.

26 U.S.C. § 6651(a)(1) provides a penalty for failure to file a tax return; § 6651(a)(2) provides a penalty for failure to pay a tax. In this case, the IRS agrees that any penalties imposed by § 6651(a)(2) have been discharged. The only penalties in dispute here are on account of § 6651(a)(1).

This dispute is governed by § 523(a)(7)(b), which provides that a tax penalty is discharged if it was "imposed with respect to a transaction or event" that occurred more than three years before the bankruptcy petition. Wilson argues that the penalties were imposed with respect to his 2008 tax liability, due April 15, 2009, and therefore were more than three years old when he filed his bankruptcy. The IRS argues that the penalties were imposed in October of 2009, when Wilson missed his extended filing deadline, and were therefore less than three years old when the bankruptcy petition was filed.

Despite many cases cited by both sides, this appears to be a matter of first impression. None of the cited cases dealt specifically with the situation where the taxes were due outside the three-year period but the return, due to an extension, became due within the three-year period. The primary case relied upon by Wilson, *McKay v. U.S.*, 957 F.2d 689, 693 (9th Cir. 1992), did not specifically deal with failure to file penalties incurred within the three-year period. All of the cases cited by the IRS were factually distinguishable and merely dicta as to the issue before the court.

The court agrees with Wilson that *McKay* is the governing case on the issue before the court, even though its facts are distinguishable. That case instructs that § 523(a)(7)(b) is to be applied according to its plain meaning, so that "[a] penalty imposed on unpaid taxes accruing more than three years before the filing of the bankruptcy petition is dischargeable." If this simple statement is the applicable law, then Wilson's penalties for failure to file his return are dischargeable.

Income taxes accrue on April 15 of the year following the tax year in question. *U.S. v. Green*, 201 F.3d 251, 257 (3rd Cir. 2000); *U.S. v Rocky Mountain Holdings, Inc.*, 782 Fed.Supp.2d 106, 120 (E.D.Pa. 2011). Since Wilson's 2008 income tax obligation accrued on April 15, 2009, a date more than three years before his bankruptcy petition, the court is required by the articulated rule in *McKay*

2

to declare the penalties imposed with respect to them discharged.

The court recognizes that by so ruling it is extending *McKay* rather than merely applying it. Still, there seems to be a logical reason for such an extension. In *McKay*, the court implicitly interpreted the phrase "imposed with respect to a transaction or event" as referring to the tax obligation itself. If the statute had read "imposed on account of a transaction or event," the IRS would have a stronger argument that the three-year period is measured from the date the return became late. However, the phrase "with respect to" lends itself readily to *McKay's* rule that if the penalty is imposed with respect to 2008 income taxes then it is dischargeable three years after April 15, 2009. The court therefore sees its ruling as consistent with both *McKay* and the language of the Bankruptcy Code.[1]

Moreover, the penalties imposed on account of failure to file a return are computed by reference to the tax obligation itself. Measuring the three-year period from accrual of the obligation, as *McKay* seems to require, therefore seems appropriate. The result would certainly be different as to a filing penalty not computed by reference to the underlying tax liability. See, e.g., *In re Wilson*, 407 B.R. 405, 409 (10th Cir. BAP 2009).

The court notes that the IRS position came to light when it intercepted a state tax refund of $1513.00 due to Wilson and seized a small amount from his Social Security benefits. The complaint prays for return of these funds as well as attorney's fees and damages against the IRS. While the court will order the return of the intercepted funds, it does not find an award of attorney's fees or other damages appropriate at this time for two reasons. First, while the court does not agree with the IRS position it does not find it to be without merit. The IRS did cite several cases which supported its position, though all of them were factually distinguishable, dicta, from a circuit not following *McKay*,

---

[1] Wilson argues that he obtained an admission from the IRS that the late filing penalties were assessed with respect to the 2008 taxes, making statutory analysis unnecessary. The court finds this argument less than compelling, but need not address it since the court has reached the same result without depending on the admission.

3

and/or decided before *McKay*. Secondly, the issue has not been briefed by either side and there is no evidence from Wilson establishing any damages beyond the seized funds.

For the foregoing reasons, the court will grant Wilson's motion in part. The court will declare that all penalties associated with his 2008 federal income tax liability have been discharged; it will order the IRS to return the funds intercepted or setoff after entry of the discharge on account of those penalties; and it will enjoin the IRS from further actions to collect them.

Counsel for Wilson shall submit an appropriate form of order which counsel for the IRS has approved as to form, and, if the parties agree that this memorandum disposes of all matters in dispute, an appropriate form of judgment.

Dated: February 25, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

4